IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,


     Vs.                        Case No.  97-40005-01-SAC
                                Case No. 00-3477-SAC


SHAWN BATTLE.


Memorandum and Order

     This case comes before the court on defendant's motion for relief

from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Defendant has unsuccessfully appealed his conviction to the Tenth Circuit, *see*

*United States v. Battle*, 188 F.3d 519 (10th Cir. Aug. 6, 1999) (Table), *cert.*

*denied*, 528 U.S. 1056 (1999), and has been unsuccessful in a series of other

motions related to his criminal conviction, including a prior § 2255 petition.  He

now seeks the extraordinary relief afforded to civil litigants under Fed. R. Civ. Pro.

60.

The court first examines whether the present motion is properly characterized as a Rule 60 motion or as a § 2255 motion.  The Tenth Circuit has recognized that the recent case of *Gonzalez v. Crosby*, __ U.S. __,  125 S.Ct. 2641,  162 L.Ed.2d 480 (2005), changed the law regarding this issue.

> In *Lopez*, this court set out the following categorical rule: a Rule 60(b) motion seeking to vacate a prior judgment denying a § 2254 petition was a second or successive habeas petition subject to the preauthorization provisions of the AEDPA.  *Lopez*, 141 F.3d at 975-76.  The district court lacked jurisdiction to decide such motions on the merits unless the petitioner first obtained authorization from this court to file the habeas petition in district court.  *Id.*  In *Gonzalez*, however, the Supreme Court rejected the categorical approach embodied in *Lopez* and, instead, adopted a nuanced approach to the question whether any particular Rule 60(b) motion seeking to vacate a prior denial of habeas relief is a second or successive habeas corpus petition.  *Gonzalez*, 125 S. Ct. 2651.  Under the rule set out in *Gonzalez*, a Rule 60(b) motion seeking to raise what would traditionally be considered a claim for habeas relief is a second or successive habeas petition.  *Id.* at 2647-48.  When, however, "a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not successive and is not subject to the screening requirements set out in 28 U.S.C. § 2244.  *Gonzalez*, 125 S. Ct. at 2648.

*United States v. Canedo*, 2006 WL 459375 (10th Cir. Feb. 27, 2006). Although *Gonzalez* examined a  § 2254 petition, its reasoning has been extended to § 2255 motions which implicate similar concerns of successiveness.  *United States v. Bell*, 159 Fed.Appx. 48, 49 (10th Cir. 2005), citing *United States v. Scott*, 414 F.3d 815, 816 (7th Cir.2005); *but see United States v. Williams*, 2006 WL 272528, *1 (10th

Cir. 2006).

Defendant thus characterizes his motion as one which attacks a defect in the integrity of the federal habeas proceedings rather than one which challenges the substance of the court's resolution of a claim on the merits.  The court thus considers whether defendant's motion seeks to raise what would traditionally be considered a claim for habeas relief and is thus a second or successive habeas petition, *see id.* at 2647-48, or whether the motion instead attacks a defect in the integrity of the federal habeas proceedings and is properly a Rule 60(b) motion.

Defendant contends that the court committed procedural error in failing to review the merits of a claim raised in his initial § 2255 peition that his Fifth and Sixth Amendment rights were violated.   Defendant asserts that the court, upon holding that *Apprendi* was not retroactive, failed to consider the status of the law pre- *Apprendi*, which he contends would afford him relief.  Defendant contends that *pre-Apprendi* law, as it was on the day before his conviction became final, required any fact (other than a prior conviction) which increases the maximum penalty for a crime to be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt.  *See Jones v. United States*, 526 U.S. 227 (1999). Defendant thus contends that during the relevant time frame, the law pre-Apprendi was the same as the law post-Apprendi.

The court's order denying defendant's initial § 2255 motion summarized Tenth Circuit law, both *post Apprendi*, and *pre-Apprendi,* in stating:

> Defendant relies upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held: "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt."  Before *Apprendi*, the type and quantity of drugs involved in a crime was a "sentencing factor" to be determined by a judge by a preponderance of the evidence standard.  *See United States v. Jones*, 194 F.3d 1178, 1183-84 (10th Cir.1999).

Dk. 274, p. 31.

Defendant correctly notes that the Tenth Circuit case on which this court relied for its assessment of *pre-Apprendi* law, *United States v. Jones*, 194 F.3d 1178, was subsequently reversed on the issue for which it was cited.  The relevant sequence of events follows.  In *United States v. Jones*, 194 F.3d 1178 (November 12, 1999), the Tenth Circuit held the type and quantity of drugs involved in a crime was a "sentencing factor" to be determined by a judge by a preponderance of the evidence standard.  Defendant's case was on direct appeal at the time but became final a few weeks later upon denial of his petition for certiorari.  *Battle v. United States*, 528 U.S. 1056 (December 6, 1999).  Thereafter, *Apprendi* was decided and the United States Supreme Court  remanded *Jones*  to the Tenth Circuit.  The Tenth Circuit reversed *Jones* on December 19, 2000, pursuant to

*Apprendi's* holding.

Defendant's case became final before *Apprendi* was decided and before *Jones* was reversed. Accordingly, as of the time defendant's case became final, the law in this circuit was that the type and quantity of drugs involved in a crime was a "sentencing factor" to be determined by a judge by a preponderance of the evidence standard. *See United States v. Jones*, 194 F.3d 1178, 1183-84 (10th Cir.1999). This law was accurately reflected in this court's decision on defendant's initial § 2255 petition, Dk. 274, p. 31, and provides his no basis for relief.

Defendant's motion asserts that his previous § 2255 motion was wrongly decided on the merits based on the Supreme Court's subsequent decision in *Apprendi*. Although defendant grounds his claim on the *Jones* case which was decided *pre-Apprendi*, it is only because *Jones* was reversed pursuant to and *post-Apprendi*, that defendant has filed this pleading. Defendant's claim is grounded on the fact that the substantive law of *Jones* was changed after this court's decision on defendant's initial § 2255 petition.

Defendant's motion thus asserts an entitlement to relief from his sentence based on the impropriety of judicial fact-finding at sentencing under the regime set out in the United States Sentencing Guidelines. In *Gonzalez*, the

Supreme Court concluded that such claims were habeas claims not properly

brought in a 60(b) motion:

> a motion might contend that a subsequent change in substantive law is a
> "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous
> denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A.7 2002).
> Virtually every Court of Appeals to consider the question has held that such
> a pleading, although labeled a Rule 60(b) motion, is in substance a
> successive habeas petition and should be treated accordingly. *E.g., Dunlap,
> supra*, at 876.
> We think those holdings are correct.... [A] Rule 60(b) motion based on a
> purported change in the substantive law governing the claim could be used to
> circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a
> successive petition may rely is "a new rule of constitutional law, made
> retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable."  In addition to the substantive conflict with AEDPA
> standards, ... use of Rule 60(b) [in such a circumstance] would
> impermissibly circumvent the requirement that a successive habeas petition
> be precertified by the court of appeals as falling within an exception to the
> successive-petition bar. § 2244(b)(3).

*Gonzalez*, 125 S.Ct. at 2647.   *See United States v. Johnson*, 159 Fed.Appx. 835,

838 -839 (10th Cir. 2005).

> The court finds that defendant's motion is, in substance, a second  §

2255 motion, and shall be treated accordingly.[1]  In order to file a second or

---

[1]Had the court analyzed defendant's motion under traditional 60(b) analysis,
the result would have been no different, as no extraordinary circumstances
warranting relief have been shown.  *See United States v. 31.63 Acres of Land*, 840
F.2d 760, 761 (10th Cir.1988).

successive § 2255 motion in the district court, the movant must obtain prior

authorization from the Tenth Circuit.  *See* 28 U.S.C. §§ 2244 (b)(3)(A).  Where, as

here, such authorization is required but is not obtained, the district court lacks

jurisdiction to decide the motion.  *See United States v. Sternberg*,  5 Fed.Appx.

806, 808 (10th Cir. 2001).

   IT IS THEREFORE ORDERED that the defendant's motion is an

unauthorized successive § 2255 motion that must be transferred to the Tenth

Circuit Court of Appeals pursuant to 28 U.S.C. § 1631;

   IT IS FURTHER ORDERED that the Clerk of the Court shall forward

a copy of the defendant's motion (Dk. 320) to the Clerk of the Tenth Circuit Court

of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send

a copy of this Memorandum and Order to the defendant and the local office of the

United States Attorney.

   Dated this 22nd day of March, 2006, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge