IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                      Civil Case No. 06-3276-SAC
                                             Criminal Case No. 97-40005-01-SAC

SHAWN BATTLE,

      Defendant/Movant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for leave to proceed on appeal in forma pauperis. (Dk. 334).

**Procedural history**

After a jury trial, defendant was found guilty of conspiracy to distribute in excess of 50 grams of cocaine base, commonly known as crack cocaine, and/or cocaine hydrochloride, commonly known as powder cocaine, in violation of 21 U.S.C. § 846, with reference to 21 U.S.C. § 841(a)(1). Defendant, having been sentenced to 360 months imprisonment, unsuccessfully appealed his conviction to the Tenth Circuit, *see United States v. Battle*, 188 F.3d 519 (10th Cir. Aug. 6, 1999) (Table), *cert. denied*, 528 U.S. 1056 (1999), and then brought an initial § 2255 motion. The court granted defendant's motion for an order to proceed in forma pauperis on that motion, but denied the § 2255 motion on its merits in October of 2002.

Defendant responded by filing a motion to alter or amend judgment pursuant to civil rule 59(e) (Dk. 275), a motion to amend his 59(e) motion (Dk. 278), and a motion for more definite statement (Dk. 280). The court found that petitioner's 59(e) motion and his motion to alter and amend that motion repeated and reargued claims made in his initial § 2255 motion. As a consequence, those motions amounted to second or successive motions which could not be filed in the district court without prior authorization from the Tenth Circuit. They were accordingly transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. (Dk. 284).

In response, petitioner appealed this court's transfer of those motions (Dk. 285/289), and filed a motion for a certificate of appealability, which this court denied (Dk. 293). Thereafter, petitioner's appeal was dismissed for lack of prosecution. (Dk. 296). Nonetheless, the Tenth Circuit thereafter vacated this court's transfer of petitioner's claims, finding that they were not successive § 2255 motions. Accordingly, this court examined each of petitioner's claims on the merits, then denied petitioner's motion to alter or amend judgment pursuant to civil rule 59(e) (Dk. 275), his motion to amend his 59(e) motion (Dk. 278), and his motion for more definite statement (Dk. 280) in July, 2003. Dk. 299. Petitioner appealed to the Tenth Circuit, but his appeal was dismissed when the Tenth Circuit denied a certificate of appealability. (Dk. 305). Petitioner filed for a writ of certiorari, but was denied. (Dk. 307).

Thereafter, petitioner filed a motion styled as a relief from judgment or order pursuant to Rule 60(b). (Dk. 320). This court found it to be a successive § 2255 motion and transferred it to the Tenth Circuit. (Dk. 324). The Tenth Circuit dismissed the matter, finding that petitioner had failed to file a motion for permission to file a successive § 2255 motion within the 30 days. (Dk. 329). That action apparently triggered defendant's current appeal and motion

for leave to appeal in forma pauperis. (Dk. 334).

**In forma pauperis standards**

To obtain authorization to proceed in an action in forma pauperis defendant must meet the requirements of 28 U.S.C. § 1915. First, he must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay or give security for the required fees. The affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. §1915(a)(1). Prisoners must also submit a certified copy of their trust fund account statement for the previous six months. 28 U.S.C. § 1915(a)(2). Lastly, an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Thus defendant's motion can be granted only in the event he shows both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

**Analysis**

The court has reviewed defendant's current declaration and finds a certified copy of defendant's trust fund account statement for the preceding six months from an appropriate prison official. *See* 28 U.S.C. § 1915(a)(2). Defendant may be financially unable to pay the costs of his appeal.

Nonetheless, the court finds that defendant should not be authorized to proceed in forma pauperis. Defendant has not stated the issues that he intends to present on appeal and has not stated any facts or legal theory that would entitle him to relief. When asked on his application to proceed in forma pauperis to "state the nature of [his] action, defense, or other proceeding or the issues [he] intends to present on appeal," defendant made no response

whatsoever, choosing to leave that section blank.  (Dk. 334, p. 1).

Further, the court's review of the record fails to demonstrate a reasoned, nonfrivolous argument on the law and facts that could warrant reversal of the judgment he currently appeals from.  Defendant's current appeal is nothing but an attempt to attack the Tenth Circuit's dismissal of his untimely successive § 2255 motion.  (Dk. 329).  The Tenth Circuit found, and the record confirms, that defendant failed to file a motion for permission to file a successive § 2255 motion within the requisite period of time.  (Dk.  329).  Although the current pleading purports to be a notice of appeal from this court's memorandum and order filed March 22, 2006 (Dk. 324), such an appeal is clearly inappropriate, since the court did not enter judgment but transferred the matter (defendant's successive  § 2255 petition) to the Tenth Circuit.

In short, defendant has failed to show the existence of a nonfrivolous issue that states a claim upon which relief can be granted.  *See McIntosh*, 115 F.3d at 812 (internal quotations and citations omitted); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that 'good faith' in context of  28 U.S.C. § 1915(a)(3) must be judged by an objective standard and is demonstrated when a defendant seeks appellate review of any nonfrivolous issue).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Dk. 1997) is denied.

Dated this 19th day of September, 2006, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge